UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DESMOND WARREN,** | Case No.: |
| Plaintiff, | |
| v. | |
| **NATIONAL RECOVERY AGENCY,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

DESMOND WARREN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., allege the following against NATIONAL RECOVERY AGENCY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in unfair and unlawful debt collection practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.   Defendant regularly conducts business in the State of Pennsylvania, thus, personal jurisdiction is established.

4.   Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 1391(b)(2).

## PARTIES

5.   Plaintiff is a natural person residing in Harrisburg, PA 17104.

6.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.   Defendant is a national debt collection company with its principal place of business located at 2491 Paxton Street, Harrisburg, PA 17111.

8.   At all relevant times, Defendant acted as a "debt collector(s)" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Upon information and belief, at all relevant times herein, Defendant was attempting to collect an alleged consumer debt that arose out of transactions that were for personal, family, or household purposes.

11. Within the one year period preceding the filing of this Complaint, and continuing through October 2015, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone in its attempt to collect the alleged debt.

12. Defendant's harassing debt collection calls derived from numbers including, but not limited to (800) 360-4319. The undersigned has confirmed that this number belongs to the Defendant.

13. At all relevant times, Defendant was contacting Plaintiff in its efforts to collect a debt from a third party named Tyrone Davis.

14. Upon initial communication, Plaintiff informed Defendant that it was calling the wrong number and that he was not Tyrone Davis.

15. Despite Plaintiff advising Defendant that it was contacting the wrong person and that he was in fact not named Tyrone Davis, Defendant continued to call his cellular telephone number.

16. However, Defendant continued to contact Plaintiff on his cellular telephone.

17. Once Defendant was aware that its calls were to the wrong party any further calls could only have been for the purpose of harassing and coercing payment from a non-debtor.

18. Plaintiff ultimately needed to download an application on his cellular devise to block Defendant's number in order to stop receiving calls.

19. Defendant's actions in attempting to collect the alleged debt were harassing, abusive, and taken with the intent to coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d and § 1692d(5) OF THE FDCPA

20. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. A debt collector violates § 1692d of the FDCPA by engaging in any conduct the natural consequence of which it to harass, oppress, or abuse any person in connection with the collection of a debt.

22. Defendant violated sections 1692d and 1692d(5) in the proceeding paragraphs when it called Plaintiff repeatedly and continuously for a debt that was not his and with knowledge that he was in fact not the debtor.

WHEREFORE, Plaintiff, DESMOND WARREN, therefore respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DESMOND WARREN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C.

DATED: 7-26-16

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com